UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SALVADOR ZAVALA, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-122 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

In this § 2254 petition challenging a 2016 disciplinary conviction, Petitioner requests appointment of counsel (D.E. 21). There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. Service of process was ordered, Respondent filed her motion for summary judgment (D.E. 14), and Petitioner has filed his response (D.E. 20). The issues in this action are not complex, and at this point there are no issues that suggest an evidentiary hearing would be warranted.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues mandating a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995). Accordingly, petitioner's motion for appointment of counsel (D.E. 21) is denied without prejudice.

All relief not granted by this order is DENIED.

ORDERED this 18th day of September, 2017.

                                                  _____
                                                  B. JANICE ELLINGTON
                                                  UNITED STATES MAGISTRATE JUDGE